Daniel Cotman (SBN 218315)
dan@cotmanlaw.com
Cotman IP Law Group, APLC
120 Newport Center Drive, Suite 40
Newport Beach, CA 92660
Phone: (626) 405-1413

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tim Laman<br><br>Plaintiff(s),<br><br>vs.<br><br>People Inc. Group, f/k/a Dotdash Meredith Inc., f/k/a Dotdash Media Inc.,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. This is a civil action for copyright infringement under 17 U.S.C. §§ 101 et seq. This action arises from Defendant's unauthorized copying and public display of Plaintiff's copyrighted work identified herein (the "Copyrighted Work"). Defendant used the Copyrighted Work without authorization and failed to compensate Plaintiff for such unauthorized use.

## PARTIES

2. Tim Laman ("Plaintiff") is a renowned wildlife photographer, filmmaker, and field biologist responsible for owning, managing, and enforcing rights in his photographic works, which have been widely recognized and celebrated.

3. People Inc. Group, f/k/a Dotdash Meredith Inc., f/k/a Dotdash Media Inc. ("Defendant") is a Delaware corporation with its principal place of business at 225 Liberty Street, New York, New York 10281.

4. Defendant owns and operates the website located at https://www.treehugger.com, including the webpage located at https://www.treehugger.com/six-good-things-richard-nixon-did-for-the-environment-4869322, which is accessible nationwide.

5. Plaintiff has never licensed or authorized Defendant or any of their affiliates or agents to reproduce or display the Copyrighted Work.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq., including §§ 501, 502, and 504(b).

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

8. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendant may be found in this District. Defendant maintains office space in Los

Angeles, California, conducts business in this District, and operates commercial, advertising-supported websites, including Treehugger.com, that are accessible to and generate commercial benefit from users in this District.

9. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed substantial commercial activities towards California and this District, including through its operation and monetization of nationally accessible, advertising-supported websites such as Treehugger.com, and maintains an ongoing business presence in Los Angeles, California. Plaintiff's claims arise out of or relate to Defendant's commercial exploitation and public display of the copyrighted Work through such online activities.

## FACTUAL ALLEGATIONS

### The Importance of Copyright and Bundle of Rights

10. Copyrights are legal rights that protect original works of authorship and grant copyright owners certain exclusive economic rights in those works.

11. Section 106 of the Copyright Act ("the Act") grants copyright owners the exclusive rights to reproduce, distribute, and publicly display their copyrighted works. The Act prohibits the unauthorized exercise of those rights, subject to limited exceptions, and permits copyright owners to recover actual damages and any profits attributable to the infringement.

12. Under the Act, creators, such as Plaintiff, obtain copyright protection in original photographs upon creation and fixation in a tangible medium of expression.

13. Tim Laman is a renowned wildlife photographer, filmmaker, and field biologist recognized for his work documenting rare and endangered species and the natural world. During his career, Plaintiff has published numerous feature stories in National Geographic and has received significant recognition for his photography, including the Wildlife Photographer of the Year award in 2016.

14. Plaintiff filed for and was granted a copyright registration for the Copyrighted Work at issue in this lawsuit.

15. Plaintiff is the author of the photographic work at issue, and is the copyright claimant and owner of the work under U.S. Copyright Registration No. VA 2-302-972, with an effective date of registration of May 23, 2022. ***See* Exhibit A**.

16. Defendant displayed and distributed the Copyrighted Work without authorization on its website, https://www.treehugger.com/six-good-things-richard-nixon-did-for-the-environment-4869322. Defendant's unauthorized use of the Copyrighted Work in the PDF is documented. ***See* Exhibit B.**

17. Although Defendant subsequently removed the Copyrighted Work from the webpage, such removal does not compensate Plaintiff for Defendant's prior unauthorized use and exploitation of the Copyrighted Work.

18. Plaintiff did not grant Defendant a license or authorization to use the Copyrighted Work.

19. Defendant's unauthorized publication and display of the Copyrighted Work has devalued the market for legitimate licensing and harmed Plaintiff's economic rights.

20. On July 23, 2024, Plaintiff, through counsel, sent Defendant written notice of its unauthorized use of the Copyrighted Work and demanded that Defendant address the infringement. Defendant failed to respond.

21. On September 10, 2024, Plaintiff, through counsel, sent Defendant a second written notice regarding the infringement and advised Defendant that legal proceedings would follow if the matter was not addressed. Defendant again failed to respond.

## CAUSE OF ACTION

## COUNT I

## (Copyright Infringement – 17 U.S.C. §§ 101 et seq.)

22. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

23. Plaintiff holds the exclusive right to enforce the copyright in the Copyrighted Work shown in ***Exhibit C***, which was registered prior to the filing of this lawsuit.

24. Plaintiff has never provided authorization to Defendant, its owners, agents, licensees, affiliates, employees, contractors, or subscribers to use, copy,

publicly display, license, manipulate, or otherwise commercially exploit the Copyrighted Work.

25. Defendant directly infringed Plaintiff's copyright by using, copying, publicly displaying, and otherwise commercially exploiting the Copyrighted Work without authorization.

26. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered damages, including but not limited to lost licensing fees and harm to the market value of the Copyrighted Work.

27. Defendant's actions constitute direct copyright infringement, for which Plaintiff is entitled to damages and other relief available under the Copyright Act.

28. Defendant controls the images and content published on its website. By publishing the Copyrighted Work, Defendant made the infringing material available to its readership for Defendant's own commercial benefit and to attract readership and traffic to its website.

29. Defendant knew or should have known that its unauthorized reproduction and public display of the Copyrighted Work infringed Plaintiff's copyright. Nevertheless, Defendant used the Copyrighted Work to attract readership and traffic to its website without authorization or payment.

30. As a result of Defendant's infringement, Plaintiff has suffered actual damages, including lost licensing fees and harm to the market value of the Copyrighted Work. Defendant has also derived commercial benefit from the

unauthorized use of the Copyrighted Work, including by attracting readership and traffic to its website and generating associated advertising revenue.

31. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover the actual damages Plaintiff has suffered and any profits of Defendant that are attributable to the infringement and not taken into account in computing actual damages.

32. Defendant's unauthorized use of the Copyrighted Work has caused injury to Plaintiff, and Plaintiff seeks injunctive relief to prevent any future unauthorized use of the Copyrighted Work.

33. Pursuant to 17 U.S.C. § 502, Plaintiff seeks a permanent injunction prohibiting Defendant and all persons acting in concert with Defendant from reproducing, publicly displaying, or otherwise using the Copyrighted Work without authorization.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

34. That Plaintiff be awarded actual damages and any profits of Defendant attributable to the infringement and not taken into account in computing actual damages, in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b);

35. That Defendant and its agents, servants, employees, and all persons acting in concert or participation with Defendant be permanently enjoined from reproducing, publicly displaying, or otherwise using the Copyrighted Work without Plaintiff's authorization;

36. That Defendant provide a full accounting of all revenues, profits, and other financial benefits attributable to the infringement of the Copyrighted Work, including revenues derived from the infringing webpage and associated advertising;

37. That Plaintiff be awarded pre-judgment interest as allowed by law;

38. That Plaintiff be awarded the costs of this action; and

39. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the United States Constitution.

DATED: September 10, 2026

By: /s/Daniel Cotman/
Daniel C. Cotman

Daniel Cotman (SBN 218315)
dan@cotmanlaw.com
Cotman IP Law Group, APLC
120 Newport Center Drive, Suite 40
Newport Beach, CA 92660
Phone: (626) 405-1413

Attorneys for Plaintiff